UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Danny D. Irick, # 13480-021,<br>*aka Danny Dewayne Irick,*<br><br>Petitioner,<br><br>vs.<br><br>A. Mansukhani, *Warden*,<br><br>Respondent. | C/A No. 8:14-183-TMC-JDA<br><br><br><br>Report and Recommendation |

## Background of this Case

Petitioner is a federal inmate at FCI-Estill. In the above-captioned case, Petitioner has submitted a habeas Petition pursuant to the Section 2241 saving clause provision. Petitioner contends that he is entitled to seek relief under the savings clause pursuant to the decision of Supreme Court of the United States in *Descamps v. United States*, 186 L.Ed.2d 438, 133 S.Ct. 2276 (2013).

In his Statement of Facts, Petitioner discloses that, in the United States District Court for the Southern District of Georgia, he pled guilty to charges of armed robbery and using or carrying a firearm during a robbery [Doc. 1 at 2]. Petitioner was sentenced as a "Career Criminal" to two hundred twenty (220) months of imprisonment to be followed by five (5) years of supervised release [*Id*.]. Petitioner states that he "has filed several petitions since his sentencing attempting to have his sentence corrected, however he has been unsuccessful in the past." [*Id*.].

Petitioner states that his prior state convictions in South Carolina for burglary, in violation of S.C. Code Ann. § 16-11-312(A), no longer constitute violent felonies "in light of the new interpretation of 18 U.S.C. § 924(3)(2)(B)(ii), by the Supreme Court decision in Descamps." [*Id*.] Hence, according to Petitioner, he is "actually innocent" of being a career criminal and was convicted of a "non-existent" offense under *Descamps* [*Id*. at 2–3]. Petitioner also contends: *(1) Descamps* is applicable to S.C. Code Ann. 16-11-312(A) because it is a non-violent offense [*Id*. at 4–5]; *(2)* the savings clause applies to him under Eleventh Circuit case law [*Id*. at 5]; *(3)* Section 2255 is an ineffective and inadequate remedy [*Id*. at 5–6]; and *(4)* under *United States v. Isidoro*, No. 13CR394 WQH, 2013 U.S. Dist. LEXIS 136943, 2013 WL 5353001 (S.D. Cal. Sept. 23, 2013), *Descamps* is retroactive [*Id*. at 7]. In his prayer for relief, Petitioner asks that this Court "remand his sentence, and resentence him without the Career Offender designation." [*Id*.] In the alternative, Petitioner seeks appointment of counsel and an evidentiary hearing [*Id*.].

In his Answers to Special Interrogatories, Petitioner states that he filed a Section 2255 motion to vacate in the United States District Court for the Southern District of Georgia, and voluntary dismissed the matter on September 29, 2009 [Doc. 12 at 1]. The United States District Court for the Southern District of Georgia, however, "[r]eopened" the case on October 1, 2009, and denied the motion to vacate on October 21, 2009 [*Id*.]. Petitioner has sought leave from the United States Court of Appeals for the Eleventh Circuit to file a successive Section 2255 motion to vacate but the United States Court of Appeals for the Eleventh Circuit denied leave [*Id*.]. Also, Petitioner has not presented his claims in the above-captioned case to the Federal Bureau of Prisons pursuant to its

2

grievance procedure because "the internal grievance would be inappropriate in this matter." [*Id*. at 2].

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes. The review[*] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even when considered under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

---

[*]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

The claims raised in the above-captioned case, however, are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole, computation of good time or jail time credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence. *Barber v. Rivera*, Civil Action No. 4:11-2579-TMC-TER, 2011 WL 6982074, at *2 (D.S.C. Dec. 13, 2011) (collecting cases), *adopted by* 2012 WL 80250 (D.S.C. Jan. 11, 2012).

A prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255. *Watson v. Rivera*, Civil Action No. 9:11-2957-MBS-BM, 2011 WL 6965811 (D.S.C. Dec. 1, 2011) (district court did not have jurisdiction over § 2241 petition claiming that prior North Carolina state conviction no longer qualified as predicate offense under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*)), *adopted by* 2012 WL 45436 (D.S.C. Jan. 9, 2012). Since Petitioner is seeking relief from his federal sentence imposed in the United States District Court for the Southern District of Georgia, the relief requested by Petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *Dixon v. Rivera*, Civil Action No. 1:11-3468-TLW-SVH, 2012 WL 405702, at *2 (D.S.C. Jan 20, 2012), *adopted by* 2012 WL 405697 (D.S.C. Feb. 8, 2012).

Petitioner does not satisfy the three-part test to bring a Section 2241 action raising Section 2255 claims. *See In Re Jones*, 226 F.3d 328 (2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at

4

the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. Petitioner does not satisfy the second prong of the *In Re Jones* test because there has been no change in substantive law relating to his federal convictions for armed robbery and using or carrying a firearm during a robbery. In other words, the savings clause has not been extended to prisoners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267, n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); and *Brown v. Rivera*, No. 9:08-3177-PMD-BM, 2009 WL 960212, at *3 (D.S.C. April 7, 2009) ("In regard to Petitioner's claim that he is actually innocent of being an armed career criminal, that claim is facially inadequate to require consideration because 'Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence.'").

Many federal prisoners, such as Petitioner, have erroneously attempted to overturn federal convictions or sentences by filing a Section 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259–61 (4th Cir. 2002) (upholding summary dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico). The fact that a Section 2255 action may be untimely or successive does not render a Section 2255

remedy inadequate or ineffective. *In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). This Court has held that the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006).

There is one reported case in the United States District Court for the District of South Carolina where a federal prisoner has sought relief pursuant to the holding in *Descamps v. United States*, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). *See Hickman v. Warden FCI Williamsburg*, Civil Action No. 4:13-337-MGL-TER, 2013 WL 6192990 (D.S.C. Nov. 26, 2013), where the Honorable Mary Geiger Lewis, United States District Judge, held that *Descamps* was not available to a federal prisoner (who had a prior South Carolina burglary conviction) seeking to have his sentence as an armed career criminal vacated:

> *Descamps*, which held that a criminal defendant's prior California burglary conviction was not for a "violent felony" within the meaning of the Armed Career Criminal Act (ACCA), might one day be used as the basis for a similar holding that South Carolina burglary offenses, such as the one for which Petitioner was convicted, are "non-violent" and therefore cannot be used for federal sentence enhancement purposes. However, *Descamps* does not forecast, much less amount to, an intervening change in the substantive law that would decriminalize the actual conduct that resulted in Petitioner's burglary conviction. Petitioner's § 2241 petition is therefore properly **DISMISSED** *without prejudice*.

*Hickman v. Warden FCI Williamsburg*, 2013 WL 6192990 at *1.

## RECOMMENDATION

Accordingly, it is recommended that the Section 2241 Petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return. It is also recommended that the District Court deny a Certificate of Appealability.

s/ Jacquelyn D. Austin
United States Magistrate Judge

March 3, 2014
Greenville, South Carolina

**Petitioner's attention is directed to the Notice on the next page.**

7

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).