IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Danny D. Irick, #13480-021, | ) | |
| | ) | Civil Action No. 8:14-183-TMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| A. Mansukhani, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Danny D. Irick ("Petitioner") is a federal inmate seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the petition without prejudice and without requiring the respondent to file an answer or return. (ECF No. 18). Petitioner timely objected to the Report. (ECF No. 27).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

A petition attacking the validity of a sentence should normally be brought under 28 U.S.C. § 2255. Petitioner is alleging a sentencing error; thus, his claim is outside the scope of a § 2241 petition. In contrast, § 2241 is used by prisoners to attack the manner in which a sentence

is carried out or the prison authorities' determination of its duration. A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. Because Petitioner has already filed at least one § 2255 petition, a second or successive petition is prohibited unless he can obtain certification from the Eleventh Circuit Court of Appeals, which he has not done.

The magistrate judge properly noted that this court's analysis is restricted to whether Petitioner can file a § 2241 petition pursuant to the savings clause of § 2255. (Report at 4-5). Applying the three-part test set forth in *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000), the magistrate judge correctly determined that Petitioner's § 2241 action is barred because he cannot demonstrate that the relief available to him under § 2255 is inadequate or ineffective. (Report at 5). The court agrees with the magistrate judge's finding that Petitioner has failed to establish the second element of *Jones*, which requires that subsequent to Petitioner's direct appeal and first § 2255 motion, the substantive law changed so as to make the conduct that Petitioner was convicted of not criminal.[1]

Petitioner relies upon the holding in *Descamps v. United States*, ___U.S.___ , 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), to show an intervening change in the law that he contends entitles him to relief under § 2241. However, *Descamps*, which addressed whether a past conviction is considered a violent felony within the meaning of the Armed Career Criminal Offender, has not been found to be retroactive to cases on collateral review. See, e.g., *United States v. Sanders*, 2013 WL 5707808 (N.D.Ohio Oct. 18, 2013); *Roscoe v. United States*, 2013 WL 5636686

---

[1] The magistrate judge also noted that the Fourth Circuit has not yet extended the reach of the savings clause to petitions which challenge only a sentence citing *United States v. Poole*, 531 F.3d 263,267 n. 7. (Report at 5). Accordingly, Petitioner's action, seeking a determination that he is actually innocent of a sentence enhancement, fails to state a cognizable § 2241 claim. *See United States v. Pettiford,* 612 F.3d 270, 284 (4th Cir.2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").

(N.D.Ala. Oct. 16, 2013); *Reed v. United States*, 2013 WL 5567703 (M.D.Fla. Oct. 9, 2013); *Landry v. United States*, 2013 WL 5555122(W.D.Tex. Oct. 4, 2013).

After a review of the record, the court finds that Petitioner's objections are wholly without merit. The court agrees with the magistrate judge that Petitioner cannot invoke the savings clause, the case on which Petitioner relies has not been made retroactively applicable to cases on collateral review, and Petitioner is barred from proceeding with his habeas corpus action under § 2241. Accordingly, the court adopts the Report (ECF No. 18) and incorporates it herein. It is therefore **ORDERED** that the habeas petition is **DISMISSED** without prejudice and without requiring the respondent to file an answer or return.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>Timothy M. Cain<br>United States District Judge

August 18, 2014
Anderson, South Carolina